North v. Smith.

## COURT—GUARDIAN.

[Darke (2nd) Circuit Court, November Term, 1904.]

Sullivan, Dustin and Wilson, JJ.

### A. A. NORTH V. JOHN A. SMITH ET AL.

CIRCUIT COURT HAS NO JURISDICTION TO REVIEW ORDER OF COMMON PLEAS REMOVING OR REFUSING TO REMOVE GUARDIAN.

An order removing or refusing to remove a guardian for cause is not an order affecting a substantial right, within the purview of Lan. R. L. 10297 (R. S. 6707), from which, in the absence of special statutory provisions, either appeal or error can be prosecuted; and Lan. R. L. 9983 (R. S. 6407), as amended (95 O. L. 406), which provides for the appeal from the probate court to the common pleas court of such orders confers no jurisdiction on the circuit court to review the order of the common pleas court.

ERROR to Darke common pleas court.

A. A. North and W. Y. Stubbs, for plaintiff in error.

Meeker & Gaskill and Anderson, Bowman & Anderson, for defendant in error.

WILSON, J.

By a proceeding in the probate court, the plaintiff in error, a guardian, was by the order of that court removed for cause. An appeal was prosecuted to the court of common pleas under favor of Lan. R. L. 9983 (R. S. 6407) as amended (95 O. L. 406).

That court also made an order of removal.

It is now sought to prosecute error proceedings in the circuit court to review the order of the court of common pleas.

Has the circuit court jurisdiction?

Before the amendment of 95 O. L. 391, 406 (Lan. R. L. 10298 and 9983; R. S. 6708 and 6407), neither error nor appeal could be prosecuted from an order of the probate court removing or refusing to remove a guardian. This was so for the reason, it was held, that such an order did not affect a substantial right. Had it been such order as is defined in Lan. R. L. 10297 (R. S. 6707), error or appeal would lie under the general statutes without special provision made therefor. It was the policy of the law to confer upon the probate court exclusive jurisdiction over the matter. The amendment extends the jurisdiction in error and on appeal to the court of common pleas. It does not change the character of the order, as, though final, not affecting a substantial right. It does not enlarge the jurisdiction in error of the circuit court. Laning R. L. 10300 (R. S. 6709), which confers jurisdiction, is the same as before. The order that may be reviewed by virtue of its pre-

Darke County.

visions is such as is defined in Lan. R. L. 10297 (R. S. 6707), and we have seen that the order in question is not of that character. It cannot, therefore, be reviewed by the circuit court.

*Missionary Society* v. *Ely,* 56 Ohio St. 405 [47 N. E. Rep. 537], and *Davis* v. *Coffman,* 55 Ohio St. 556 [45 N. E. Rep. 707], relied upon by the plaintiff in error, are not in conflict with this view. The orders there reviewed were held to affect a substantial right. Subsequently *Monger* v. *Jeffries,* 62 Ohio St. 149 [56 N. E. Rep. 654], holds that an order such as is involved here is not reviewable under the general provisions of the statute. Reading the order into Lan. R. L. 10298 (R. S. 6708) enlarged the jurisdiction of the court of common pleas by that much more than is conferred by Lan. R. L. 10297 (R. S. 6707). But it did not by that much enlarge the jurisdiction of the courts all along the line. Notwithstanding the amendment, it should be said that it is the policy of the law now, to make the jurisdiction of the court of common pleas final, as it was before the policy to make that of the probate court final. The reason for the policy still obtains, and the amendment should not be given scope beyond its letter.

The petition in error will be dismissed.

**Sullivan** and **Dustin, JJ.,** concur.